IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**ANTHONY HARRIS,**

        **Petitioner,**

v.                                          Case No.: 5:23-cv-00617

**W. HOLZAPFEL,**
**Warden, FCI Beckley,**

        **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending is Petitioner, Anthony Harris's, Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This case is assigned to the Honorable Frank W. Volk, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** the Petition for a Writ of Habeas Corpus, **DISMISS** this action, and **REMOVE** it from the docket of the Court.

**I.**      **Relevant History**

Harris is an inmate at the Federal Correctional Institution located in Beckley, West Virginia ("FCI Beckley"). On September 13, 2023, he placed a petition for a writ of

1

habeas corpus in the prison mail. (ECF No. 1 at 8). In his petition, Harris asserts violations of the Eighth Amendment to the United States Constitution, the First Step Act, and various Federal Bureau of Prisons policies related to FCI Beckley's use of "unit lockdowns" when one inmate waits for transfer to the Special Handling Unit. According to Harris, this practice results in all 124 inmates housed in the unit being unfairly punished by being locked in their cells for 24 hours a day, pending the inmate's removal, and thus being denied access to emails, programming, commissary, education, and productive activities. He asks that the lockdowns be stopped. (*Id.* at 6-7).

On September 26, 2023, the undersigned entered an Order explaining to Harris that his claims were not cognizable in an action seeking habeas relief, but were more properly asserted in a civil rights complaint. (ECF No. 4). Harris was instructed to complete the proper paperwork, and either pay the filing fee or submit an Application to Proceed Without Prepayment of Fees and Costs. (*Id.* at 1-2). He was provided with the necessary forms and instructions and given thirty (30) days to file the complaint. (*Id.* at 1-3). Harris was advised that he could voluntarily dismiss this case by filing a notice of dismissal with the Clerk of Court, and he was reminded of his obligation to notify the Clerk if he had any change of address. (*Id.* at 2).

On October 10, 2023, Harris filed a civil rights Complaint and an Application to Proceed Without Prepayment of Fees and Costs, as instructed, and these documents were assigned a civil case number. *See Harris v. Holzapfel, et al.*, Case No. 5:23-cv-670, at ECF Nos. 1, 2. Harris subsequently decided to voluntarily dismiss the complaint, with the option to re-file it at a later date. *Id.,* at ECF No. 7. As requested, the Court dismissed

the matter without prejudice. *Id.*, at ECF No. 11. While Harris did not simultaneously file a notice to dismiss *this* civil action, the undersigned **FINDS** that it should be dismissed because the claims asserted herein are not cognizable in a habeas petition.

## II. Discussion

A petition for a writ of habeas corpus is the mechanism by which a prisoner disputes the "fact or duration" of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 498–99 (1973). Generally, a motion filed under 28 U.S.C. § 2255 attacks the validity of a federal conviction or sentence, *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir.2010), while a petition under section 2241 challenges the execution of a sentence. *United States v. Little,* 392 F.3d 671, 679 (4th Cir. 2004) (citing *In re Vial,* 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)). When a prisoner attempts only to alter the conditions of his confinement, rather than the duration of his sentence, the appropriate vehicle is a civil rights action. *Preiser,* 411 U.S. at 494, 498–99; *also Wilborn v. Mansukhani,* 795 Fed. Appx. 157, 164 (4th Cir. 2019) (agreeing with the majority of circuits that have addressed whether conditions of confinement claims can be brought in a habeas proceeding and have decided that they cannot.).

Here, Harris complains exclusively about the conditions of his confinement at FCI Beckley. (ECF No. 1). Such claims do not challenge the fact or duration of his sentence, nor the validity of his conviction. Accordingly, the undersigned **FINDS** that Harris fails to state a claim for habeas relief. *See Hallinan v. Scarantino,* 466 F. Supp. 3d. 587, 602 (E.D.N.C. 2020) (holding that inmates seeking release from confinement due to prison conditions do not state habeas claims, because complaints related to the

conditions of confinement do not challenge the *validity* of confinement.); *Toure v. Hott,* 458 F. Supp. 3d 387, 398-88 (E.D. Va. 2020) (examining the split among circuits and holding that claims which challenge the conditions of confinement fall outside the "core" of habeas proceedings); *Crooker v. Stewart,* No. CIV.A. ELH-14-1972, 2015 WL 1210209, at *3 (D. Md. Mar. 13, 2015) (acknowledging the circuit split, but noting that "the Fourth Circuit has said that where a petitioner does not assert entitlement to release, the claim is properly treated as a suit under 42 U.S.C. § 1983, or in the case of a federal inmate, a *Bivens* claim.") (citing as an example, *Braddy v. Wilson,* 580 Fed. Appx. 172 (4th Cir.2014)).

### III.     Proposal and Recommendations

For the forgoing reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED**, and this action be **DISMISSED** and **REMOVED** from the docket of the court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the

4

"Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Volk and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED:** December 27, 2023

Cheryl A. Eifert
United States Magistrate Judge